IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRELL A BONNER,
    Plaintiff,

vs.                                       Case No. 3:11cv5/MCR/CJK

MIKE HALL,
    Defendants.

## **REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). Leave to proceed *in forma pauperis* was granted (Doc. 13), and plaintiff has paid the initial partial filing fee (Doc. 14). The court has reviewed the complaint and concludes that this case should be dismissed because plaintiff has not stated and cannot state a plausible § 1983 claim against the defendants.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a prisoner confined at the Escambia County Jail. (Doc. 1). Plaintiff's complaint names one defendant: Nurse Mike Hall. Plaintiff claims defendant Hall deprived him of his constitutionally protected rights when he asked the plaintiff to show the defendant his penis and following that request, defendant

began to lick his lips. (Doc. 1, p. 5). Plaintiff makes no request for relief in his complaint. (Doc. 1, p. 6).

## DISCUSSION

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 13). Section 1915 requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v.*

*Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

> First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth

>   Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S.Ct. at 2481.

*Chandler*, 379 F.3d at 1289-90.

>   The second part of the two-part analysis is the "subjective component:"
>
>>   [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999 (quotation marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). Negligence does not suffice to satisfy this standard, *id.* at 305, 111 S.Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S.Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90 (emphasis added).

The Eleventh Circuit, joining other circuits, has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. *Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *see also Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1290 (10th Cir. 1999) (same); *Freitas*

*v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997); *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997).  "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society."  *Boddie*, 105 F.3d at 861 (citation and quotation omitted).  However, under Eleventh Circuit precedent about the nature of actionable injuries under the Eighth Amendment, an injury can be "objectively, sufficiently serious" only if there is more than *de minimis* injury.  *See Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002).

On the facts alleged in the complaint, plaintiff cannot meet this standard.  The allegation that defendant asked to see plaintiff's penis, followed by the defendant licking his lips, does not indicate anything more than a *de minimis* injury.  *See, e.g., Boxer X*, 437 F.3d at 1111 (holding that a female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not present more than *de minimis* injury, and therefore did not give rise to a claim under the Eighth Amendment); *see also Sharpe v. Costello*, No. 1:06cv1493, 2007 WL 1098964, at *4 (M.D. Pa. Apr. 11, 2007) (holding that guard's failed attempt to fondle prisoner and subsequent, isolated instances of verbal harassment did not rise to the level of a constitutional violation); *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (holding that allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to an Eighth Amendment violation); *Joseph v. United States Federal Bureau of Prisons*, 232 F.3d 901, at *1-2 (10th Cir. 2000) (table opinion) (holding no Eighth Amendment violation stated where plaintiff alleged prison official "touched him several times in a suggestive manner and exposed her breasts to him"); *Boddie*, 105 F.3d at 861 (holding that a few incidents

involving verbal harassment, touching, and pressing without consent are not sufficiently serious to establish Eighth Amendment violation); *Young v. Poff*, No. 04-CV-320, 2006 WL 1455482, at *4 (W.D. N.Y. May 22, 2006) (holding that a single groping incident did not amount to an Eighth Amendment violation); *Calhoun v. Vicari*, No. 05-4167, 2005 WL 2372870, at *1, *5 (D. N.J. Sept. 26, 2005) (holding that sexual gestures, jokes, touching, and slapping on the buttocks were insufficiently serious to state an Eighth Amendment claim); *Williams v. Anderson*, No. 03-3254, 2004 WL 2282927, at *1, *4 (D. Kan. Sept. 7, 2004) (finding no Eighth Amendment violation where prison guard grabbed plaintiff's buttocks, exposed his penis to plaintiff, and made crude sexual remarks); *Jones v. Culinary Manager II*, 30 F. Supp. 2d 491, 493, 497-98 (E.D. Pa. 1998) (holding that allegation that a guard pinned plaintiff to box, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficiently serious to be an Eighth Amendment violation). Accordingly, plaintiff's claim against defendant Hall should be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Amendment would be futile in this instance, because the facts as alleged in the complaint, viewed in a light most favorable to the plaintiff, could not be stated in

any fashion so as to show a constitutional violation; therefore, the court may dismiss this case without providing opportunity for amendment.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 1st day of October, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).